# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 16-1070V
(Not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| CATHY DESHLER, | * | |
| | * | Special Master Corcoran |
| Petitioner, | * | |
| | * | Dated: March 13, 2019 |
| v. | * | |
| | * | Attorney's Fees and Costs; |
| | * | Interim Fees. |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Colleen C. Hartley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 26, 2016, Cathy Deshler filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that she suffered from Guillain-Barré syndrome as a result of receiving the pneumococcal conjugate vaccine on May 13, 2015. Petition ("Pet.") (ECF No. 2) at 1. The matter is currently set for hearing to take place on October 1-2, 2019. *See* Pre-Hearing Order, dated Oct. 11, 2018 (ECF No. 32).

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now requested an interim award for attorney's fees and costs in the total amount of $41,434.23 (representing $28,986.00 in attorney's fees, plus $12,448.23 in costs). *See generally* Application for Interim Fees and Costs, filed Nov. 27, 2018 (ECF No. 36) ("Interim Fees App.").

Respondent reacted to the fees motion on December 7, 2018, deferring to my discretion as to whether Petitioner has met the legal standards for an interim fees and costs award. ECF No. 37 at 2. Respondent otherwise represents that in his estimate, the statutory and other legal requirements for an award of attorney's fees and costs are met, and he recommends that if I find that an interim award is appropriate, I calculate a reasonable award. *Id*. at 2-3.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's motion, awarding at this time interim fees and costs in the total amount of **$36,034.23.**

## PROCEDURAL HISTORY

This action has been pending for over two and one-half years. Pet. at 1. As the billing invoices submitted in support of the fees application reveal, Petitioner first approached the law firm of Muller Brazil, LLP about her case on February 1, 2016. *See* Ex. A to Interim Fees App. at 1. The case thereafter proceeded with Petitioner filing her medical records and final statement of completion by November 17, 2016 (ECF No. 11), and Respondent filing the Rule 4(c) Report on January 23, 2017 (ECF No. 12).

After two extensions of time, Petitioner filed an expert report from Dr. Nizar Souayah on June 19, 2017 (ECF No. 18-1). Respondent thereafter filed an expert report from Dr. Vinay Chaudhry on September 28, 2017 (ECF No. 21-1). Following two additional extensions of time, Petitioner filed a supplemental expert report from Dr. Donald Levy on March 16, 2018 (ECF No. 25-2), and Respondent filed a supplemental report from Dr. Lindsay Whitton on July 31, 2018 (ECF No. 27). I subsequently set the matter for hearing to be held on October 1-2, 2019. ECF No. 32.

Petitioner filed the instant interim request for an award of attorney's fees and costs on November 27, 2018. *See generally* Interim Fees App. The relevant billing records indicate that the work performed in this case has been divided between two Muller Brazil attorneys – Mr. Muller and Ms. Senerth – along with firm paralegals. *Id.* The application requests total compensation for Muller Brazil, LLP in the amount of $41,434.23, reflecting fees in the amount of $28,986.00, for work performed from February 1, 2016, to November 1, 2018, at the following hourly rates: $275 per hour for Mr. Muller in 2016 (with increases to $300 per hour in 2017 and $317 per hour in 2018), and $225 per hour for Ms. Senerth in 2017 (with an increase to $233 per hour in 2018). *Id.* Petitioner also seeks to recover $12,448.23 in costs, including medical records collection, the filing

fee, and expert costs for Dr. Levy (at a rate of $450 per hour). Ex. B to Interim Fees App. at 5.[3]

## ANALYSIS

I.   **Legal Standard Applicable to Interim Fees and Costs Requests**

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5-9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.

I find that Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted (which are set forth as well in this case's initial order) include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See, e.g.*, *Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017); *see also* Initial Order, dated Aug. 31, 2016 (ECF No. 8) at 4. The facts relevant to this matter meet these criteria: the case has been pending for over two and one-half years, the total amount of fees requested exceeds the minimum threshold that I find to be appropriate, and it is likely Petitioner will continue to incur additional fees and expert costs as this case proceeds.

II.   **Amounts Requested for Petitioner's Attorneys**

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at

---

[3] Petitioner is not requesting fees for Dr. Souayah's work at this time. *See* Ex. B to Fees App. at 2.
[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008); *Rodriguez v. Sec'y of Health*

3

1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

The attorneys from Muller Brazil have repeatedly been found to be "in forum" and therefore entitled to the forum rates established in *McCulloch*. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). This determination is also consistent with my own decisions (as well as the hourly rate chart set forth by the Office of Special Masters[5]). *See, e.g.*, *Grose v. Sec'y of Health & Human Servs.*, No. 16-1248V, 2018 WL 6381907 (Fed. Cl. Spec. Mstr. Nov. 5, 2018); *Winterfeld v. Sec'y of Health & Human Servs.*, No. 15-933V, 2018 WL 2225178 (Fed. Cl. Spec. Mstr. Mar. 9, 2018); *Colagreco v. Sec'y of Health & Human Servs.*, No. 14-465V, 2016 WL 6518579 (Fed. Cl. Spec. Mstr. Sept. 26, 2016). Other special masters have awarded forum rates to these attorneys as well. *See, e.g., Warkoczewski v. Sec'y of Health & Human Servs.*, No. 17-284V, 2018 WL 7286514 (Fed. Cl. Spec. Mstr. Dec. 17, 2018). And the rates requested herein are consistent with what Muller Brazil attorneys have been paid in other cases. Accordingly, no adjustments to the requested rates are required.

In addition, the hours expended on this matter appear to be reasonable for a case that has lasted over two and one-half years (with an entitlement hearing set for later this year). This case has also proceeded in a timely fashion, and Petitioner's attorneys efficiently used their time to collect the necessary medical records and medical literature relevant to this case. I do not find any particular billing entries to be objectionable, nor has Respondent identified any as such. Therefore, the requested attorney's fees will be reimbursed in full, in the amount of $28,986.00.

---

*& Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 205-06 (2009). This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

[5] *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedule: 2018, https://www.uscfc.gov/node/2914 (last accessed on Mar. 13, 2019).

**III.     Requested Costs**

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira*, 27 Fed. Cl. at 34; *Presault*, 52 Fed. Cl. at 670. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case, for example. *Fester*, 2013 WL 5367670, at *16.

As noted above, Petitioner requests costs associated with the above-captioned matter (totaling $12,448.23). The bulk of this amount reflects the cost of an expert review by Dr. Donald Levy (performed at a rate of $450 per hour and totaling $5,400.00). *See* Ex. B to Interim Fees App. at 5. Petitioner also requests a total sum of $225.00 for a medical record summary review completed by Megan Gaspar, RN. *Id.* at 2.[6] The remainder of the costs requested by counsel represent ordinary Vaccine Program litigation costs (including the filing fee and medical records requests). *Id.* at 1.

Petitioner's requested litigation costs for Dr. Levy's work total an amount of $5,400.00. Given the posture of the case to date, I will not award this sum as this juncture. This is in part due to the fact that in my experience, the expert's value to the case is best determined after the expert has testified at hearing. *See, e.g.*, *Bell v. Sec'y of Health & Human Servs.*, No. 13-709, 2015 WL 10434882, at *3-4 (Fed. Cl. Spec. Mstr. Nov. 10, 2015); *see also Knorr*, 2017 WL 2461375, at *4 (same). Moreover, a review of the relevant caselaw suggests that this case appears to be one of Dr. Levy's first Program cases (even more reason to defer determination of his hourly rate until after hearing).

Immediately after the hearing (at which time I can better judge the value that Petitioner's expert added to the case's resolution), however, Petitioner may renew the present request for Dr. Levy's fees, supplementing it with statements or invoices reflecting any additional expert costs that have been incurred. Until then, I defer resolution of this aspect of Petitioner's motion. *See, e.g., Auch*, 2016 WL 3944701, at *16-17; *Roberts v. Sec'y of Health & Human Servs.*, No. 09-427V, 2013 WL 2284989 (Fed. Cl. Spec. Mstr. Apr. 30, 2013) (granting interim award of expert costs after conclusion of hearing but before issuance of entitlement decision). This determination reduces Petitioner's interim award by $5,400.00.

Otherwise, the majority of costs expended on this matter by counsel (including requests pertaining to medical records, medical summaries, and the filing fee) appear to be reasonable, and Respondent did not identify any entries as objectionable. The above-noted non-expert costs will

---

[6] The invoice for this work suggests that Ms. Gaspar completed a "comprehensive review of medical records to index, summarize, and identify missing records." Ex. B to Interim Fees App. at 2.

be awarded without reduction. I will therefore award the remaining $7,048.23 in costs requested herein.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I hereby **GRANT IN PART** Petitioner's motion. I therefore award a total of **$36,034.23** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Ms. Amy Senerth, representing attorney's fees in the amount of $28,986.00, plus costs in the amount of $7,048.23.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.