# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 16-1070V
(Not to be published)

* * * * * * * * * * * * * * * * * * * * * * *
CATHY DESHLER,

       Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

       Respondent.
* * * * * * * * * * * * * * * * * * * * * * *

Chief Special Master Corcoran

Dated: December 10, 2020

Attorney's Fees and Costs; Expert Costs.

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Colleen C. Hartley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 26, 2016, Cathy Deshler filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she suffered from Guillain-Barré syndrome as a result of receiving the pneumococcal conjugate vaccine on May 13, 2015. Petition ("Pet.") (ECF No. 2) at 1. An entitlement hearing in the matter was held October 1-2, 2019, and on July 1, 2020, I issued a decision denying an entitlement award. Decision, filed July 1, 2020 (ECF No. 68). This determination was not appealed.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Prior to the entitlement hearing, Petitioner filed an interim fees and costs application. Interim Fees and Costs Application, filed Nov. 27, 2018 (ECF No. 36) ("Interim Fees App."). I granted Petitioner's motion in part, awarding $36,034.23 but deferring consideration of expert fees relating to the work of Petitioner's expert, Dr. Donald Levy, until after the entitlement hearing. *See generally* Interim Fees Decision, filed Mar. 13, 2019 (ECF No. 38).

Petitioner has now filed a motion for a final award of attorney's fees and costs for all work performed since November 2018, along with the work of Dr. Levy. Motion, filed Nov. 10, 2020 (ECF No. 72) ("Mot."). Petitioner requests a final award of $58,723.50—$34,673.00 in attorney's fees, plus $24,050.50 in costs—for the work of Ms. Amy Senerth, Esq. and Mr. Max Muller, Esq., in addition to the supportive work of two paralegals. Mot. at 1–2. The costs requested include expenses associated with medical record retrieval, expert fees, and court filings. *Id.* Respondent reacted to the fees request on November 12, 2020. *See* Response, dated Nov. 12, 2020 (ECF No. 73). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, and otherwise defers to my discretion in calculating the amount to be awarded. *Id.* at 2–3.

For the reasons below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$55,923.50**.

## ANALYSIS

### I.     Petitioner's Claim had Reasonable Basis

Under the Vaccine Act, a special master may award fees and costs to an unsuccessful petitioner if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020).

In short, the claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a

reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for evaluating reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, since cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (Fed. Cl. 2019). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017).

Petitioner's claim in this case had sufficient objective basis to entitle her to a fees and costs award even though she did not receive a favorable entitlement determination. Petitioner's good faith arguments were backed by many solid items of proof, and there was objective support in the record for core matters like proof of vaccination and the nature of Petitioner's injury. Petitioner was also able to offer both treater and expert opinions in support of her claim, though neither were ultimately sufficient to find in Petitioner's favor. Respondent for his part does not otherwise contest reasonable basis. Accordingly, a final award of fees and costs in this matter is appropriate.

**II.     Calculation of Fees**

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with

different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

|  | **2018** | **2019** | **2020** |
|---|---|---|---|
| **Mr. Max Muller (Attorney)** | - | $325 | $350 |
| **Ms. Amy Senerth (Attorney)** | $233 | $250 | $275 |
| **Ms. Michelle Coles (Paralegal)** | $125 | - | - |
| **Ms. Tereza Pavlacsek (Paralegal)** | $140 | $140 | $140 |

The attorneys from Muller Brazil (who practice in Philadelphia, Pennsylvania) have repeatedly been found to be "in forum," and are therefore entitled to the rates established in *McCulloch*. The rates requested for Mr. Muller and Ms. Senerth (as well as the paralegal work performed in this case) are also consistent with what they have previously been awarded in accordance with the Office of Special Masters' fee schedule[3]. *See Hlad v. Sec'y of Health & Hum. Servs.*, No. 17-1818V, 2020 WL 3620224, at *2 (Fed. Cl. Spec. Mstr. June 22, 2020); *Hock v. Sec'y of Health & Hum. Servs.*, No. 17-168, 2019 WL 4744768, at *3 (Fed. Cl. Spec. Mstr. Aug. 12, 2019). I find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable, and therefore award fees for all work performed on the case as requested in the fees application.

## III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $24,050.50 in costs, including the expenses of medical record retrieval, expert fees, and filing fees. See Exhibit B to Fees App. at 15. Although such costs are typical in

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Dec. 9, 2020).

Program cases, some adjustment is necessary with respect to the requested expert costs.

Petitioner seeks reimbursement of expert fees for work performed by Dr. Donald Levy at a rate of $450 per hour for 19 hours of work. That hourly rate is to be applied to hearing and report preparation, as well as a telephonic conference with Petitioner's counsel. But Petitioner also asks that Dr. Levy be allowed an additional, flat rate charge of $5,000.00 per day of hearing. *Id.* at 15, 19. I find that the total amount of time billed by Dr. Levy is reasonable, as is the $450 hourly rate (even though I note that this appears to be the first Vaccine Program case in which Dr. Levy has testified—a factor that often justifies only a lower rate). Dr. Levy shall not, however, also receive a per-day testifying rate. This flat rate is equivalent to an hourly rate of $625—far more than $450 per hour requested for Dr. Levy's other services, and inconsistent with Program practice, in which experts do not receive different rates for different kinds of work. *See, e.g.*, *Braden v. Sec'y of Health & Hum. Servs.*, No. 17-975V, slip op. at 6 (Fed. Cl. Spec. Mstr. Nov. 18, 2020) (denying reimbursement of an expert's per page sur-charge in addition to an hourly rate for preparation of the expert report). I shall instead award a single hourly rate of $450 for all work performed in this case—including 16 hours reflecting Dr. Levy's participation in two days of hearing testimony (eight hours per day). This adjustment results in a total deduction of **$2,800.00** for this cost element.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a final fees award, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs. I therefore award a total of $55,923.50, reflecting $34,673.00 in attorney's fees and $21,250.50 in costs, in the form of a check made jointly payable to Petitioner and her attorney Ms. Amy Senerth.

|  | **Requested** | **Awarded** | **Difference** |
|---|---|---|---|
| Attorney Fees | $34,673.00 | $34,673.00 | $0.00 |
| Attorney Costs | $24,050.50 | $21,250.50 | $2,800.00 |
| **Total** | **$58,723.50** | **$55,923.50** | **$2,800.00** |

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[4]

**IT IS SO ORDERED.**

                                                                s/ Brian H. Corcoran

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

Brian H. Corcoran
Chief Special Master